## IN THE COURT OF APPEALS OF IOWA

No. 15-0267
Filed July 9, 2015

**IN THE INTEREST OF K.K.-I. AND N.S.,**
**Minor Children,**

**R.K., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

A mother appeals from the termination of her parental rights to her children. **AFFIRMED.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Kathryn K. Lang, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin Patrick, Assistant County Attorney, for appellee State.

Gina E. Verdoorn of Sporer & Flanagan P.L.L.C., Des Moines, for appellee father.

Paul L. White of Des Moines Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

A mother appeals from the termination of her parental rights to her children born in 2005 and 2009, respectively. She asserts termination of her parental rights was not in the children's best interests. Reviewing her claims de novo, *see In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014), we affirm.

In determining whether parental rights should be terminated under Iowa Code chapter 232 (2015), the juvenile court "follows a three-step analysis." *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Step one requires the court to "determine if a ground for termination under section 232.116(1) has been established" by the State. *Id.* If the juvenile court finds grounds for termination, the court moves to the second step of the analysis: deciding if the grounds for termination should result in a termination of parental rights under the best-interest framework set out in section 232.116(2). *Id.* at 706-07. In making this determination, the primary considerations are the children's safety, their best placement for furthering their long-term nurturing and growth, and their physical, mental, and emotional conditions and needs. Iowa Code § 232.116(2). Even if the juvenile court finds "the statutory best-interest framework supports termination of parental rights," the court must proceed to the third and final step: considering "if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of parental rights." *D.W.*, 791 N.W.2d at 707.

The mother does not challenge the statutory grounds found for supporting termination of her parental rights. Rather, she contends termination of her parental rights is not in the children's best interests, arguing she established "she has the ability to maintain a safe and sober lifestyle for periods of time;" she

"anticipated she would be in prison for approximately six months to a year" and the children "are young enough that she would be able to reconnect with them upon her release;" and she and the children shared a strong bond. Upon our de novo review, we find termination of her parental rights without further delay is in the children's best interests, even if a bond exists.

As we have stated numerous times, children are not equipped with pause buttons. "The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987). While the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Our supreme court has explained that "the legislature, in cases meeting the conditions of [the Iowa Code], has made a categorical determination that the needs of a child are promoted by termination of parental rights." *In re M.W.*, 458 N.W.2d 847, 850 (Iowa 1990) (discussing Iowa Code section 232.116(1)(e)). Consequently, "[t]ime is a critical element," and parents simply "cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *C.B.*, 611 N.W.2d at 495. At some point, as is the case here, the rights and needs of the children must rise above the rights and needs of the parent. *See In re C.S.*, 776 N.W.2d 297, 299 (Iowa Ct. App. 2009). The public policy of the state having been legislatively set, we are obligated to heed the statutory time periods for reunification.

Here, the family came to the attention of the Iowa Department of Human Services (Department) in late 2012, after it was reported the mother and her paramour were using methamphetamine in the presence of the children. One of the children tested positive for methamphetamine thereafter, and the children were removed from her care in September 2012. One child was placed with that child's biological father; the other child was placed in foster care.[1] The children have remained out of the mother's care since their removal.

Services were offered to the mother for reunification, and the mother did have a few periods of sobriety, such as when she was in jail and when she was participating in a residential substance-abuse-treatment program. However, the mother relapsed in the program twice in 2013 and then left the program altogether in early 2014. At the time of the most recent termination-of-parental-rights hearing, the mother was again incarcerated. While it appears the mother loves her children, she did not demonstrate during the relevant statutory time period her ability to put their needs first to provide them the stability and permanency they need. Though the mother asserts she will be able to reestablish a relationship with the children following her release from prison, "[w]e have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). Having reviewed the record de novo, we unequivocally agree with the juvenile court's conclusion that the mother

---

[1] N.S.'s biological father's parental rights were terminated in the course of these children-in-need-of-assistance proceedings and are not at issue here.

had been given the opportunity to demonstrate a commitment to sobriety and to demonstrate a commitment to her children; she wholly failed to do so. She has demonstrated little interest in either enjoying parental privileges or assuming parental responsibilities. [The mother] has not been a part of her children's lives in any meaningful way since the [proceedings] began.

The children are doing well in their current placements, one in her father's care and the other in a foster home with interest in adopting. Though we hope the mother is able to maintain sobriety after she is released from prison, we are not tempted to tinker with the children's progress made and stability gained, given the mother's substance abuse history, her relapses, and the long duration of this case. Taking into account the relevant factors, we agree with the juvenile court that the children's best interests are served by severing their legal tie with the mother, and we see no evidence the bonds are so strong as to outweigh the children's need for permanency. Accordingly, we affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**